UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBBLER NEVADA, LLC,

       Plaintiff,                                            Case Number 15-12773

v.                                                      Honorable David M. Lawson

DOES 1-30,

       Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO SERVE
## THIRD PARTY SUBPOENAS AND STRIKING IMPROPER FILING

This matter is before the Court on the plaintiff's motion for leave to serve an unspecified number of subpoenas on one or more unnamed Internet Service Providers (ISPs). The Court will deny the motion because the plaintiff did not name in its motion the respondents that it proposes to serve with its subpoenas, and because the plaintiff has not shown that the wide-ranging discovery it seeks would return information relevant to the progress of this matter.

The motion itself, which comprises a single paragraph, does not give any information even to suggest from whom the plaintiff proposes to seek discovery. The plaintiff incorporated as an exhibit to its motion a proposed order that it evidently desires the Court to enter, and that proposed order only refers in passing to "the Internet Service Providers listed on Complaint Exhibit B." That exhibit to the plaintiff's complaint contains nothing more than a table listing 30 different IP addresses, serviced by two different named ISPs, and evidently associated with locations in 24 cities and eight counties across the State of Michigan. The plaintiff's motion, however, does not name any entity referred to in "Exhibit B" as a target of its proposed subpoenas.

Moreover, the plaintiff has made no showing in any of its filings that its attempt to join the sixteen unidentified defendants named as Does 1-30 is procedurally proper, because it has not cited

any facts to suggest that the defendants were in any way involved in the same transaction or occurrence, or even in any vaguely related series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2)(A). Taken in the most generous light, the complaint alleges at most that the unknown defendants happen to have used the same file sharing program at various times, on different dates, and in different cities and counties, to download all or part of the plaintiff's copyrighted work. In the absence of any pleaded facts tending to show that the unnamed defendants cooperated or interacted in some way while using the file sharing service in question, such threadbare allegations are insufficient to establish that joinder of the unnamed defendants would be proper. *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) ("[T]he mere fact that two defendants accessed the same file through BitTorrent provides an insufficient basis for joinder."). Where the plaintiff has failed to suggest facts to show that the action properly could proceed against all of the unnamed defendants once identified, the issuance of dozens of blanket subpoenas to unspecified ISPs would be both procedurally improper and unduly burdensome to the targets of the proposed discovery, because the plaintiff has failed to show that the information returned thereby would be relevant to the prosecution of this particular lawsuit. *Id.* at 999.

Finally, as noted above, the plaintiff incorporated as an exhibit to its motion a proposed order granting leave to issue the subpoenas that the plaintiff desires. It is inappropriate to file a proposed or stipulated order as part of any docketed pleading. "Proposed orders must be submitted to the judge to whom the case is assigned . . . via the link located under the Utilities section of CM/ECF." E.D. Mich. Electronic Filing Policies and Procedures R11(a). If a proposed order is accepted, the Court will then docket it with the Judge's electronic signature. "Proposed" orders should never be

e-filed and docketed. The plaintiff's proposed order was filed in violation of the applicable court rules, and the Court therefore will strike it.

Accordingly, it is **ORDERED** that the plaintiff's motion for leave to serve third-party subpoenas [dkt. #2] is **DENIED**.

It is further **ORDERED** that the plaintiff's proposed order [ECF Doc. No. 2-1] is **STRICKEN**.

                                            s/David M. Lawson  
                                            DAVID M. LAWSON  
                                            United States District Judge

Dated:   August 25, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 25, 2015.

                                s/Susan Pinkowski  
                                SUSAN PINKOWSKI